```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION

OCONEE COUNTY SCHOOL DISTRICT,   *

      Plaintiff,                 *

vs.                              *
                                      CASE NO. 3:14-CV-72 (CDL)
A.B., by and through L.B.,       *

      Defendants.                *
_____
```

O R D E R

Defendant A.B. is a student with a disability covered by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, as amended by the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat. 2647.  A.B., who suffers from potentially life-threatening seizures, brought a Due Process Complaint against Plaintiff Oconee County School District because the School District did not provide A.B. with an aide trained to administer his seizure medication on the school bus.  Georgia Office of State Administrative Hearings Administrative Law Judge Kimberly W. Schroer ruled in favor of A.B.  Final Decision 48-49, *A.B. v. Oconee Cnty. Sch. Dist.*, OSAH-DOE-SE-1417873-108-SCHROER, ECF No. 1-1 [hereinafter ALJ Order]. The ALJ also found that A.B.'s mother, Defendant L.B., should be reimbursed the cost of driving A.B. to and from school until the School District provides the trained aide.  *Id.* at 48.  But because L.B. "share[d] the blame for derailing the cooperative

[individualized education program] process," the ALJ only awarded L.B. fifty percent of her transportation costs. *Id.*

The School District appeals the ALJ's final decision, arguing that the ALJ erred in at least twenty different ways. A.B. and L.B. ("the Family") filed a Counterclaim. The School District seeks to dismiss that Counterclaim for failure to state a claim. Although the Counterclaim is not entirely clear and its supporting brief is less than illuminating, the Court has been able to decipher three claims buried within counsel's verbosity that survive a motion to dismiss. Accordingly, as explained in the remainder of this Order, the School District's Motion to Dismiss (ECF No. 10) is, for the most part, denied.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. "Rule 12(b)(6) does not permit dismissal of a well-pleaded

2

complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## COUNTERCLAIM ALLEGATIONS

Although much of the Counterclaim simply describes in excruciating detail why the ALJ's decision in the Family's favor should be affirmed, hidden within the allegations are three affirmative claims for relief.  Those claims are (1) the ALJ erred by reducing the transportation costs for which the Family should be reimbursed; (2) the ALJ erred by requiring L.B. to sign a release to let the school talk to A.B.'s doctors; and (3) the School District has failed to comply with the ALJ's order and continues to violate A.B.'s IDEA rights by acting with hostility toward his mother.  The Counterclaim also includes a prayer for attorney's fees and asks that the Court award the Family "all other appropriate relief."  Defs.' Answer & Countercl. 73 ¶ 4, 75 ¶¶ 6-7, ECF No. 6.

## DISCUSSION

The issue for the Court to decide today is whether the Family may maintain its Counterclaim.  Under the IDEA, a civil action may only be brought by a party "aggrieved by the findings and decision" of an administrative hearing. 20 U.S.C. § 1415(i)(2)(A); 34 C.F.R. § 300.516(a).  The Court

reviewed the Family's seventy-six page Answer and Counterclaim but was unable to find any short and plain statement that the ALJ erred.  In fact, the Counterclaim primarily argues why the ALJ was correct.  Thus, the School District's argument that the Family has not stated how it has been aggrieved to give it standing to assert a counterclaim is not frivolous.  While a brief cannot substitute for an actual pleading, the Family's brief does shed light on the arguable intention of the Counterclaim.  The Family complains that while the ALJ correctly found that A.B.'s IDEA rights were violated, the ALJ erred by reducing L.B.'s transportation costs award and ordering L.B. to sign a release to allow the School District to review A.B.'s medical records and consult with A.B.'s neurologist before changing its general procedure regarding the administration of A.B.'s seizure medicine.[1]

Although counsel could have made these claims clearer in his Counterclaim and likely avoided the unnecessary expense of litigating the present motion, the Court finds, albeit by straining the concept of notice pleading, that the Family asserts

---

[1] For A.B., continuous seizures lasting more than five minutes can be life threatening.  For such seizures, A.B.'s anti-seizure medicine must be administered rectally.  Before the Due Process Action, the School District's policy was that if A.B. had a prolonged seizure on the bus (which apparently has not happened), then the bus driver would call 911 and attempt to reach A.B.'s home or school, where emergency medical personnel could meet the bus to administer the drug.  The ALJ ordered that the School District was not required to change this policy until L.B. signed a release allowing the School District to review A.B.'s medical records and speak to his neurologist. ALJ Order at 49.  But the ALJ also ordered that the School District provide a trained aide to administer the drug in the event that the bus cannot reach A.B.'s home or school within five minutes.  *Id.*

these claims. The Court also finds that the Family sufficiently alleges that the School District continues to hinder cooperation by exhibiting hostility toward the Family. Based on these allegations, the Court is satisfied that A.B. and L.B. are "aggrieved parties" within the meaning of the IDEA. Although A.B. and L.B. prevailed on most of their claims before the ALJ, they did not receive all the relief they contend is due. *See Diatta v. Dist. of Columbia*, 319 F. Supp. 2d 57, 63 (D.D.C. 2004) ("A party is considered "aggrieved" under the Act where relief requested in satisfaction of the Act is denied."); *see also D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 278 (3d Cir. 2014) (finding that family who won at the administrative level but later faced a "noncompliant school district" was "'aggrieved' for purposes of the IDEA"). Therefore, A.B. and L.B. may pursue these claims through their Counterclaim. Furthermore, if A.B. and L.B. are the prevailing parties in this action, they may seek attorney's fees and costs under Federal Rule of Civil Procedure 54(d) and 20 U.S.C. § 1415(i)(3)(B)(i)(I).[2]

---

[2] The School District argues that the Court should dismiss the Family's "claim" for attorney's fees. The Family listed attorney's fees and costs in its prayer for relief to preserve its right to seek such fees at the appropriate time under 20 U.S.C. § 1415(i)(3)(B)(i)(I), just as the School District listed fees and costs in its prayer for relief so it could seek them at the appropriate time under 20 U.S.C. § 1415(i)(3)(B)(i)(II) or (III). The Court will handle attorney's fees and costs at the appropriate time on a motion under Federal Rule of Civil Procedure 54(d) and 20 U.S.C. § 1415(i)(3)(B).

The School District also criticizes the following allegations by the Family in their Counterclaim: 1) an attempt to reserve for the District Court certain claims in their Due Process Complaint; (2) claims based on the Family's cooperation with the School District during and after the Due Process Hearing; and (3) claims for relief under Section 504 of the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act"), and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").  *See* Compl. Ex. B, Due Process Compl. 40-41, ECF No. 1-2 at 41-42 (reserving certain rights and claims); Defs.' Answer & Countercl. 40 ¶ 104 (alleging that the School District violated the Rehab Act and the ADA).  The Family now clarifies that it is not asserting any claims that it previously attempted to reserve, and it is no longer asserting any claims based on its cooperation with the School District during or after the Due Process Hearing.  The Family also acknowledges that it is not asserting any claims under the Rehab Act or the ADA.  Accordingly, to the extent that the Family's Counterclaim may be construed to include those claims, the Court finds that they have been abandoned, and they are dismissed.

## CONCLUSION

The School District's motion to dismiss the Family's Counterclaim (ECF No. 10) is granted in part and denied in part.  The following claims asserted by the Family in their Counterclaim

remain pending for adjudication: (1) the ALJ erred by reducing the transportation costs for which the Family should be reimbursed; (2) the ALJ erred by requiring L.B. to sign a release to let the school talk to A.B.'s doctors; and (3) the School District has failed to comply with the ALJ's order and continues to violate A.B.'s IDEA rights by acting with hostility toward his mother. The Court will handle attorney's fees and costs at the appropriate time on a motion under Federal Rule of Civil Procedure 54(d) and 20 U.S.C. § 1415(i)(3)(B). To the extent that the Family asserted other affirmative claims in its Counterclaim, those claims are dismissed.

IT IS SO ORDERED, this 15th day of January, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA