```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

OCONEE COUNTY SCHOOL DISTRICT,   *

    Plaintiff,                  *

vs.                              *
                                         CASE NO. 3:14-CV-72 (CDL)

A.B., *by and through* L.B.,     *

    Defendants.                 *

O R D E R

The Court denied Plaintiff Oconee County School District's motion to dismiss the counterclaims of Defendants A.B. and L.B. ("the Family"). *Oconee Cnty. Sch. Dist. v. A.B. ex rel. L.B.*, No. 3:14-cv-72 (CDL), 2015 WL 196437 (M.D. Ga. Jan. 15, 2015). The Court concluded that the Family had asserted three viable claims, including a claim that the School District failed to comply with the administrative law judge's order and continues to violate A.B.'s rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, by acting with hostility toward his mother.

The School District now seeks reconsideration of that ruling, contending that the Family did not exhaust its administrative remedies on the enforcement claim as required by the IDEA. The Court is aware that "claims asserting the rights of disabled children . . . must first be exhausted in state

administrative proceedings." *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1157 (11th Cir. 2006).  If exhaustion would be futile or inadequate, the exhaustion requirement may be excused. *Id.* at 1159.  In *M.T.V.*, the family of a disabled child claimed that the school district retaliated against it for pursuing claims under the IDEA but did not assert the retaliation claim when the family brought a due process claim on a related issue. The claim in *M.T.V.* was a pure retaliation claim based on conduct that was related to other claims that the family did raise in a due process hearing.  Accordingly, the Court of Appeals concluded that the District Court did not err in dismissing the retaliation claim for failure to exhaust the IDEA's administrative remedies.  *Id.*

The enforcement claim raised by the Family here is different than the retaliation claim raised by the family in *M.T.V.*  Here, the Family claims that the School District did not comply with ALJ's order, and the Family seeks to enforce the order.  Although there are no Eleventh Circuit cases directly on point, the Court is persuaded by the rationale of *D.E. v. Central Dauphin School District*, 765 F.3d 260 (3d Cir. 2014). In *D.E.*, the ALJ awarded the family compensatory education, but the school district did not comply with the order.  The family brought a claim for relief in the district court, which dismissed the case for failure to exhaust administrative

2

remedies.  The Third Circuit reversed, holding that "individuals seeking to enforce a favorable decision obtained at the administrative level are 'aggrieved' for purposes of the IDEA and may properly pursue such claims in court."  *Id.* at 278; *see also id.* at 277 (collecting cases where other courts reached similar conclusions).  That is why the Court did not dismiss the Family's claim for enforcement of the ALJ's order.  The Court will not require the Family to go through another administrative process to enforce the first one.  The School District's Motion for Reconsideration (ECF No. 20) is therefore denied.  The Court notes that it narrowly construes the Family's enforcement claim to relate to the School District's alleged failure to comply with the ALJ's order.  Any other claims of hostility during the individualized education program process are not properly before the Court.

The School District also seeks a two-week extension of the dispositive motions deadline.  The motion for an extension (ECF No. 19) is granted, and dispositive motions are now due on February 20, 2015.  The School District did note that there has been no discovery on the Family's enforcement counterclaim.  In the Court's view, this claim should be relatively simple to litigate without much discovery—either the School District complied with the ALJ's order or it did not.  If the parties contend that a brief discovery period is necessary on that claim

before dispositive motions can be filed on it, they shall propose a schedule for litigating that claim by Friday, February 6, 2015. The dispositive motions deadline will remain February 20, 2015 for all other claims.

IT IS SO ORDERED, this 28th day of January, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA